James M. Barrett, OSB No. 011991
james.barrett@ogletree.com
OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500
Portland, Oregon 97201
Tel: (503) 552-2140
Fax: (503) 816-0598

Todd J. Kaiser, IN Atty No. 10846-49
todd.kaiser@ogletree.com
  *Admitted Pro Hac Vice*
OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
300 North Meridian Street, Suite 2700
Indianapolis, IN 46204
Telephone: (317) 916-2155

   *Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ASSUREDPARTNERS OF OREGON, LLC, d/b/a ALLIANCE INSURANCE GROUP & ALLIANCE SENIOR LIVING,<br><br>Plaintiff,<br><br>v.<br><br>G. SCOTT REESE, SUSAN REESE, CARL SWAN, ALEX WHIPPLE, S&S INVESTMENTS MANAGEMENT, LLC, SHANNON R. HOLT, and COBBS ALLEN CAPITAL, LLC, d/b/a CAC SPECIALTY,<br><br>Defendants. | Case No. 6:22-cv-00673-MC<br><br>**PLAINTIFF'S REPLY TO THE REESE DEFENDANTS' COUNTERCLAIMS** |

Plaintiff AssuredPartners of Oregon, LLC, d/b/a Alliance Insurance Group & Alliance Senior Living ("AP" or "Plaintiff") hereby replies to the Reese Defendants' Answer, Affirmative Defenses, and Counterclaims to Plaintiff's Third Amended Complaint (hereafter, the "Answer"):

## REPLY TO COUNTERCLAIM

1. Referencing Paragraph 9 of the Answer, AP lacks knowledge or information sufficient to form a belief as to the truth about (a) which captive insurers, or how many, contracted with Scott Reese for insurance consulting services; (b) what direction Scott Reese received, if any, from the Oregon Division of Insurance ("DOI") or Division of Financial Regulation; or (c) what Mark Holt communicated to Scott Reese regarding SRS. AP denies that Scott Reese was an appropriate captive manager to assist AP's customers and denies all other allegations of Paragraph 9.

2. Referencing Paragraph 11 of the Answer, AP lacks knowledge or information sufficient to form a belief as to the truth about (a) whether or which AP customers were having trouble finding affordable, or any, coverage; (b) what AP customers communicated to Scott Reese regarding their insurance experiences, preferences, or needs; or (c) Scott Reese's experiences and/or communications with Sunwest Management Inc., DOI, or law enforcement officers. AP denies that Scott Reese was an appropriate captive manager to assist AP's customers, denies that Scott Reese lacked intent to divert fees from AP, denies that AP had knowledge and approved of his scheme, and denies all other allegations of Paragraph 11.

3. Referencing Paragraph 16 of the Answer, AP admits that a sum of $785,498.03 was deposited with the Court by the Reese Defendants. AP lacks knowledge or information sufficient to form a belief as to the truth about (a) whether the deposited sum represents all fees paid to S&S or Scott Reese as a result of his scheme; or (b) whether funds had or had not been distributed to

Page 1 -   PLAINTIFF'S REPLY TO THE REESE
            DEFENDANTS' COUNTERCLAIMS

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone: 503-552-2140 | Fax: 503-224-4518

anyone and/or intended to benefit third parties. AP alleges that it has been damaged by the Reese Defendants in an amount no less than the sum deposited with the Court and in a total amount to be proven at trial.

4. Referencing Paragraph 20 of the Answer, AP denies that it failed to comply with contractual obligations, express or implied.

## FIRST COUNTERCLAIM
### (Defamation of Scott Reese)

5. Referencing Paragraph 32 of the Answer, AP incorporates its previous responses to allegations in the Answer.

6. Referencing Paragraph 33 of the Answer, AP admits that, on May 9, 2022, it terminated the employment of Scott Reese based on events that included (a) AP's discovery of Scott Reese's diversion of fees to S&S and himself with the apparent aid and/or knowledge of Susan Reese, which diversion violated contractual promises and duties to AP; (b) personnel complaints regarding Scott Reese and his team, including complaints regarding Scott Reese's behavior towards others and his failure to adhere to AP workplace policies, about which Scott Reese had previously been counseled; and (c) Scott Reese's submission of personal expenses to AP for reimbursement as business expenses. AP denies the remainder of Paragraph 36.

7. Referencing Paragraph 34 of the Answer, AP admits that, on May 9, 2022, after filing this action against the Reese Defendants, a Zoom call was scheduled with employees to inform them of the separation of the Reeses. AP lacks knowledge or information sufficient to form a belief as to the truth about whether most employees attended. AP admits that Cassondra Hustrulid and Greg Van Ness attended the Zoom call. AP admits that Greg Van Ness informed the attendees that a lawsuit had been initiated against a group of defendants that included the Reeses. AP admits that, in its complaint filed May 9, 2022, it described the scheme led by Scott

Page 2 -   PLAINTIFF'S REPLY TO THE REESE
          DEFENDANTS' COUNTERCLAIMS

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone: 503-552-2140 | Fax: 503-224-4518

Reese to divert fees from AP as theft by deception and as stealing. Except as admitted, AP denies Paragraph 34.

8. AP denies Paragraph 35 of the Answer.

9. AP denies Paragraph 36 of the Answer.

10. AP denies Paragraph 37 of the Answer.

**SECOND COUNTERCLAIM**
**(Defamation of Susan Reese)**

11. Referencing Paragraph 38 of the Answer, AP incorporates its previous responses to allegations in the Answer.

12. Referencing Paragraph 39 of the Answer, AP admits that, on May 9, 2022, it terminated the employment of Susan Reese based on (a) AP's discovery of Scott Reese's diversion of fees to S&S and himself with the apparent aid and/or knowledge of Susan Reese, Carl Swan, and Alex Whipple, which diversion violated contractual promises and duties to AP; and (b) Susan Reese's submission of personal expenses to AP for reimbursement as business expenses. AP denies the remainder of Paragraph 39.

13. Referencing Paragraph 40 of the Answer, AP admits that, on May 9, 2022, after filing this action against the Reese Defendants, a Zoom call was scheduled with employees to inform them of the separation of the Reeses. AP lacks knowledge or information sufficient to form a belief as to the truth about whether most employees attended. AP admits that Cassondra Hustrulid and Greg Van Ness attended the Zoom call. AP admits that Greg Van Ness informed the attendees that a lawsuit had been initiated against a group of defendants that included the Reeses. AP admits that, in its complaint filed May 9, 2022, it described the scheme led by Scott Reese to divert fees from AP as theft by deception and as stealing. Except as admitted, AP denies Paragraph 34.

Page 3 -   PLAINTIFF'S REPLY TO THE REESE
           DEFENDANTS' COUNTERCLAIMS

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone: 503-552-2140 | Fax: 503-224-4518

14. AP denies Paragraph 41 of the Answer.

15. AP denies Paragraph 42 of the Answer.

16. AP denies Paragraph 43 of the Answer.

### THIRD COUNTERCLAIM
### (Declaratory Judgment)

17. Referencing Paragraph 44 of the Answer, AP incorporates its previous responses to allegations in the Answer.

18. Answering Paragraph 45 of the Answer, AP admits that it has asserted a right to fees diverted by the Reese Defendants in violation of the Reeses' contractual and fiduciary duties to AP, but lacks knowledge or information sufficient to form a belief as to the truth as to whether $785,498.03 that the Reese Defendants deposited with the Court reflects the total amount of the diverted fees. AP further lacks knowledge or information sufficient to form a belief as to the Reese Defendants' rights or entitlements under contracts that they did not submit to the Court. AP denies the remaining allegations of Paragraph 45.

19. AP denies Paragraph 46 of the Answer.

20. AP denies Paragraph 47 of the Answer.

### FOURTH COUNTERCLAIM
### (Attorney Fees)

21. Referencing Paragraph 48 of the Answer, AP incorporates its previous responses to allegations in the Answer.

22. AP denies Paragraph 49 of the Answer.

23. AP denies Paragraph 50 of the Answer.

Page 4 -   PLAINTIFF'S REPLY TO THE REESE
            DEFENDANTS' COUNTERCLAIMS

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone: 503-552-2140 | Fax: 503-224-4518

## FIFTH COUNTERCLAIM
### (Wrongful Discharge)

24. Referencing Paragraph 51 of the Answer, AP incorporates its previous responses to allegations in the Answer.

25. Referencing Paragraph 52 of the Answer, the Reese Defendants purport to make a statement of Oregon law to which no response is required.

26. AP denies Paragraph 53 of the Answer.

27. AP denies Paragraph 54 of the Answer.

28. AP denies Paragraph 54 of the Answer.

## JURY TRIAL DEMAND & PRAYER FOR RELIEF

29. AP denies that the Reese Defendants are entitled to a right to trial by jury, the Reeses having waived such right by contract. *See* ECF 127-1, ¶ 17; ECF 127-2, ¶ 19.

30. The Reese Defendants' Prayer for Relief is a statements of their legal position to which no response is required. To the extent that an answer is required, AP denies that the Reese Defendants have any counterclaims or causes of action under the statutes or legal theories they attempt to invoke. AP also denies that the Reese Defendants are entitled to any form of relief as a result of the allegations in their Answer.

31. Except as expressly admitted above, AP denies the allegations that the Reese Defendants have asserted in support of their Counterclaims.

Page 5 -   PLAINTIFF'S REPLY TO THE REESE
            DEFENDANTS' COUNTERCLAIMS

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone: 503-552-2140 | Fax: 503-224-4518

## DEFENSES

Having fully answered the Reese Defendants' Counterclaims, AP asserts the following defenses without undertaking any burden of proof or persuasion which would otherwise be the Reese Defendants' burden.  AP reserves the right to amend and/or to assert additional defenses as may become known to it during the course of discovery.

### FIRST DEFENSE
### (Failure to State a Claim)

The Reese Defendants fail to state a claim upon which relief may be granted.

### SECOND DEFENSE
### (Truth)

The Reese Defendants' defamation claims are barred in whole or part because the alleged statements about which they complain, even if those statements had been made, are true.

### THIRD DEFENSE
### (Absolute Privilege)

The Reese Defendants' defamation claims are barred in whole or part because the alleged statements about which they complain, even if those statements had been made, are subject to an absolute litigation privilege.

### FOURTH DEFENSE
### (Qualified Privilege)

The Reese Defendants' defamation claims are barred in whole or part because the alleged statements about which they complain, even if those statements had been made, are subject to a qualified privilege that (a) arises from a subject of mutual concern; and (b) arises from the protection of private interests.

### FIFTH DEFENSE
### (Preexisting Reputation)

The Reese Defendants' defamation claims are barred in whole or part because the alleged statements about which they complain, even if those statements had been made, are not inconsistent with the Reese Defendants' reputation.

Page 6 -   PLAINTIFF'S REPLY TO THE REESE
            DEFENDANTS' COUNTERCLAIMS

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone:  503-552-2140 | Fax: 503-224-4518

## SIXTH DEFENSE
### (Failure to Mitigate)

The Reese Defendants' alleged damages are barred, in whole or in part, because they have failed to mitigate those alleged damages.

## SEVENTH DEFENSE
### (Unclean Hands)

The Reese Defendants' alleged damages are barred, in whole or in part, by the doctrine of unclean hands.

## EIGHTH DEFENSE
### (Preemption)

The Reese Defendants' counterclaim of wrongful discharge is preempted, in whole or in part, by available statutory remedies.

## RESERVATION OF RIGHTS

AP has not been afforded discovery from the Reese Defendants. It is not possible at this time to determine the extent to which the Reese Defendants' counterclaims may be barred by other defenses, including those contemplated by Rule 8 of the Federal Rules of Civil Procedure. AP reserves its right to amend this pleading to assert additional defenses that may become known to them during the course of discovery.

WHEREFORE, AP prays for the following relief:

1. That the Reese Defendants' Counterclaims be dismissed with prejudice, and without attorneys' fees or costs to the Reese Defendants;

2. That AP be awarded its reasonable attorneys' fees and related costs under the parties' contracts, see ECF 127-1, ¶ 16; ECF 127-2, ¶ 18, and to the extent allowed by statutory or common law; and

3. For such other and further relief as the Court deems appropriate.

Page 7 -   PLAINTIFF'S REPLY TO THE REESE
           DEFENDANTS' COUNTERCLAIMS

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone: 503-552-2140 | Fax: 503-224-4518

Dated: March 24, 2023.

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

*/s/ James M. Barrett*
James Barrett, OSB No. 011991
james.barrett@ogletree.com
The KOIN Center
222 SW Columbia Street, Suite 1500
Portland, Oregon 97201
Tel: (503) 552-2145
Fax: (503) 816-0598

Todd J. Kaiser, IN Atty No. 10846-49
todd.kaiser@ogletree.com
*Admitted Pro Hac Vice*
300 North Meridian Street, Suite 2700
Indianapolis, IN 46204
Tel: (317) 916-2155

Attorneys for Plaintiff

Page 8 -   PLAINTIFF'S REPLY TO THE REESE
            DEFENDANTS' COUNTERCLAIMS

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone:  503-552-2140 | Fax: 503-224-4518

## CERTIFICATE OF SERVICE

I hereby certify that on March 24, 2023, I served the foregoing **PLAINTIFF'S REPLY TO THE REESE DEFENDANTS' COUNTERCLAIMS** on the parties below by electronic means through the Court's eFile and Serve system:

Arden J. Olson
Julian W. Marrs
Harrang Long Gary Rudnick P.C.
497 Oakway Road, Suite 380
Eugene, OR 97401
Tel:  541.485.0220
Email: arden.j.olson@harrang.com
Email: Julian.marrs@harrang.com

*Attorneys for Defendants, G. Scott Reese, Susan Reese and S&S Investments Management, LLC*

Karen L. O'Connor
Timothy W. Snider
Todd A Hanchett
Stoel Rives LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
Email: karen.oconnor@stoel.com
Email: timothy.snider@stoel.com
Email: todd.hanchett@stoel.com

*Attorneys for Cobb Allen Capital, LLC and Bruce Denson, Jr.*

Alexandra M. Shulman
Leah C. Lively
Buchalter, A Professional Corporation
805 S.W. Broadway
Suite 1500
Portland, OR 97204
Tel: 503-226-1191
Email: ashulman@buchalter.com

*Attorneys for Defendants Carl Swan, Alex Whipple*

William Ojile
Armstrong Teasdale LLP
6400 S Fiddlers Green Circle
Suite 1820
Denver, CO 80111
Email: bojile@armstrongteasdale.com

*Attorneys for Cobb Allen Capital, LLC and Bruce Denson, Jr.*

Dated:  March 24, 2023.

*/s/ James M. Barrett*
James M. Barrett
james.barrett@ogletree.com